Filing # 106172954 E-Filed 04/13/2020 02:49:15 PM

IN THE CIRCUIT COURT FOURTH
JUDICIAL CIRCUIT IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

SANDRA JOHNSON,

    Plaintiff,

vs.

DEBRA REED, GARRY REED, WERNER ENTERPRISES, INC.,
AND STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff sues the Defendants and alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of $30,000.00.

2. At all times material hereto, the Plaintiff, SANDRA JOHNSON, was a resident of Duval County, Florida.

3. At all times material hereto, the Defendant, DEBRA REED, was a resident of Pahrump, Nevada.

4. At all times material hereto, the Defendant, GARRY REED, was a resident of Pahrump, Nevada

5. At all times material hereto, Defendant, WERNER ENTERPRISES INC., was a corporation with its principal address at 14507 Frontier Rd., Omaha, Nebraska.

[12261537/1]    1

6. That the collision giving rise to this litigation occurred on December 5, 2017, at 2:57 p.m., on Eastport Road and the intersection of Pulaski Road, Duval County, Florida.

7. That on December 5, 2017, DEBRA REED, while in the course and scope of her employment with WERNER ENTERPRISES INC., negligently drove her vehicle into the left side of the Plaintiff's vehicle.

8. That on December 5, 2017, GARRY REED, while in the course and scope of his employment with WERNER ENTERPRISES INC., negligently drove his vehicle into the left side of the Plaintiff's vehicle

9. That at all times material hereto Defendant, DEBRA REED, had a duty to operate the vehicle with reasonable care for other motorists such as the Plaintiff.

10. That at all times material hereto Defendant, GARRY REED, had a duty to operate the vehicle with reasonable care for other motorists such as the Plaintiff

11. That Defendant, DEBRA REED, negligently breached that duty when she collided with the side of Plaintiff's vehicle.

12. That Defendant, GARRY REED, negligently breached that duty when he collided with the side of Plaintiff's vehicle

13. That Defendant, WERNER ENTERPRISES INC., is vicariously liable for the negligent actions of DEBRA REED and GARRY REED while in the course and scope of their employment with WERNER ENTERPRISES INC.

## COUNT I

### NEGLIGENT OPERATION OF MOTOR VEHICLE

Plaintiff, realleges paragraphs 1 through 13 and further alleges:

[12261537/1]    2

14. That on or about December 5, 2017, DEBRA REED, negligently drove a motor vehicle in a manner so that it collided with the left side of Plaintiff's vehicle.

15. As a direct and proximate result of the negligence of Defendant, DEBRA REED, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future. Plaintiff, SANDRA JOHNSON, has sustained permanent injuries within a reasonable degree of medical probability.

WHEREFORE, Plaintiff, demands judgment for damages and costs against Defendant, and a trial by jury of all issues herein.

## COUNT II

### NEGLIGENT OPERATION OF MOTOR VEHICLE

Plaintiff, realleges paragraphs 1 through 13 and further alleges:

16. That on or about December 5, 2017, GARRY REED, negligently drove a motor vehicle in a manner so that it collided with the left side of Plaintiff's vehicle.

17. Plaintiff will testify that she saw GARRY REED switch seats with DEBRA REED after the accident occurred and prior to the arrival of the police on the scene.

18. As a direct and proximate result of the negligence of Defendant, GARRY REED, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will

suffer the losses in the future. Plaintiff, SANDRA JOHNSON, has sustained permanent injuries within a reasonable degree of medical probability.

WHEREFORE, Plaintiff, demands judgment for damages and costs against Defendant, and a trial by jury of all issues herein.

### COUNT III

### VICARIOUS LIABILITY AS TO DEFENDANT WERNER ENTERPRISES INC.

Plaintiff, realleges paragraphs 1 through 13 and further alleges:

19. At the date and time specified above, DEBRA REED and/or GARRY was operating a motor vehicle while in the course and scope of their employment with WERNER ENTERPRISES INC., in a negligent manner causing the subject collision.

20. As employer of DEBRA REED and GARRY REED, Defendant WERNER ENTERPRISES INC., is vicariously liable for their negligent actions while in the course and scope of their employment.

21. As a direct and proximate result of the aforesaid negligence, Plaintiff SANDRA JOHNSON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future. Plaintiff, SANDRA JOHNSON, has sustained permanent injuries within a reasonable degree of medical probability.

WHEREFORE, Plaintiff demands judgment for damages and costs against Defendants and a trial by jury of all issues herein.

## COUNT IV

## UNDERINSURED MOTORIST CLAIM AS TO DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Plaintiff, realleges paragraphs 1 through 13 and further alleges:

22. Plaintiff is entitled to relief against the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY based on the following facts:

23. On or about December 5, 2017, Plaintiff was operating a vehicle which had in full force and effect an automobile insurance policy with the Defendant, policy number: D737761D3059A. (Affidavit of insurance coverage is attached hereto and made a part hereof as Exhibit "A").

24. Said policy provides family protection coverage including UIM coverage.

25. On or about the 5th day of December 2017, at a time when aforesaid policy was in full force and effect, Plaintiff, was traveling on Eastport Road, Duval County, Florida when at the intersection of Pulaski Road, Debra Reed, driving a vehicle owned by Werner Enterprises, Inc., negligently collided with the side of plaintiff's vehicle.

26. As a result of the collision, Plaintiff, SANDRA JOHNSON, suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing and plaintiff will suffer the losses in the future.

27. That Debra Reed, the negligent driver, nor Werner Enterprises, Inc., the owner of the vehicle, maintained sufficient bodily injury coverage to compensate the plaintiff for damages

sustained as a result of the accident and consequently is an "underinsured motorist" within the terms of the aforementioned policy.

28. The aforesaid impact and ensuing injuries and damages complained of by the Plaintiff was the direct and proximate result of the careless and negligent operation of the said underinsured motor vehicle, all within the meaning of the aforesaid insurance policy.

29. Plaintiff is entitled to make an underinsured motorist claim under the policy for damages. The damages far exceed the available coverage limits of the underinsured motorist's policy.

30. Plaintiff has complied with all the requirements of the said policy which were applicable by law, but Defendant has failed to pay the benefits to which the Plaintiff is entitled.

**WHEREFORE**, Plaintiff demand judgment for damages and costs against Defendants, and a trial by jury of all issues herein.

FARAH & FARAH, P.A.

_/s/ Corri C. Hunt_
Corri C. Hunt, Esq.
Florida Bar No.: 91169
3130 US Highway 1, S., Ste A
St. Augustine, FL 32086
Telephone (904) 460-6060
Facsimile (904) 460-9426
chunt@farahandfarah.com Attorney for Plaintiff
spirkl@farahandfarah.com Paralegal

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*



December 19, 2017

Farah & Farah
777 Gloucester St Ste 102
Brunswick GA  31520-7066

**State Farm Claims**
PO Box 106171
Atlanta GA 30348-6171

RE:  Claim Number:    59-2336-W48
     Date of Loss:    December 05, 2017
     Our Insured:     JOHNSON, SANDRA & ANTHONY D
     Your Client:     Sandra Johnson

To Whom It May Concern:

We are in receipt of your request for policy information. In response to your request and in accordance with the recent decision by the Florida 5th DCA in *Progressive v. Rural Metro Ambulance (Nov. 14, 2008)*, please find insurance information regarding policy number D73776159B on the below listed vehicle for the above date of loss.

**Year:** 2000   **Make/Model: Nissan Pathfinder**

**Vehicle Id Number:  JN8AR07Y6YW416718**

The name of the insurer:    State Farm Mutual Automobile Insurance Company

Named Insured(s):    JOHNSON, SANDRA & ANTHONY D

Coverages:    A 25/50/25,P10,H,U3 25/50

    A/B - BI/PD Liability (BI per person/BI per accident/PD)
    P - Personal Injury Coverage
    C - Medical Payments Coverage
    D - Comprehensive
    G - Collision
    H - Emergency Road Service
    R - Rental Coverage
    U - Uninsured Motorist - Stacking
    U3 - Uninsured Motorist - Non-Stacking
    S - Death, Dismemberment and Loss of Sight

A

59-2336-W48
Page 2
December 19, 2017

The coverages you chose are shown on the declaration page of your policy and the application of those coverages to this loss is determined by the language of your policy contract and endorsements.

Policy or coverage defenses known to the Company at this time:
NONE

Umbrella or excess insurance known to the Company at this time:
NONE

I trust this information will satisfy your request. However, should you need further assistance, please contact Mesha Rabb at (844) 292-8615 Ext. 9727447296.

Sincerely,

Mesha Rabb
Claim Specialist
(844) 292-8615 Ext. 9727447296
Fax:   (855) 820-6318

State Farm Mutual Automobile Insurance Company

For a complete description of the terms, conditions and exclusions applicable to each specific coverage and to determine the coverages that are included in your policy, PLEASE READ YOUR POLICY, INCLUDING ITS DECLARATIONS PAGE, AND ALL ENDORSEMENTS CAREFULLY. These specific terms, conditions, and exclusions control. In providing the above information, we, the State Farm Mutual Automobile Insurance Company, do not intend to waive any policy terms, conditions or exclusions nor do we intend to waive any unstated policy defenses, but rather we specifically reserve all our rights including our right to assert any such policy terms, conditions, exclusions or defenses at any time.